ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE CAROLINA

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT COLÓN<br><br>Parte Demandante<br><br>v.<br><br>RESTAURANTE KING CHINA CORP.<br><br>Parte Demandada | CIVIL NÚM.:<br><br><br><br>SOBRE:<br>PETICIÓN DE ORDEN |

## DEMANDA

**AL HONORABLE TRIBUNAL:**

Comparece la parte demandante, Faustino Xavier Betancourt Colón (en adelante "Sr. Faustino Betancourt", "Sr. Betancourt", "Sr. Faustino" o "parte demandante") respetuosamente solicita un **interdicto permanente**[1] en contra de **Restaurante King China Corp.** De conformidad con las disposiciones del Título III de la *American with Disabilities Act*.

### I.     PARTES

1.     El nombre de la parte demandante es: Faustino Xavier Betancourt Colón. Su dirección postal es: Res Los Lirios Apt.34, 11 Calle Teresa Jornet, Edificio 12, San Juan (Cupey), PR 00926-7561. Su dirección física es: Res Los Lirios Apt.34, 11 Calle Teresa Jornet, Edificio 12, San Juan (Cupey), PR 00926-7561. Su número de teléfono es: (787) 348-7280.

---

[1] No se solicita interdicto preliminar en este momento.

2.  La parte demandada Restaurante King China Corp., titular, arrendatario y/u operador del lugar de acomodo público que se identifica en el párrafo 5.

## II.    ALEGACIONES

### A. Sobre Las Condiciones Médicas de la Parte Demandante

2.  El señor Faustino Xavier Betancourt Colón tiene las siguientes condiciones: (1) hipertensión, (2) diabetes mellitus tipo II; (3) neuropatía diabética; (4) osteoartritis; (5) artritis inflamatoria; (6) hidrocefalia; (7) insuficiencia cardiaca congestiva; (8) deformidad en ambos pies; (9) obstrucción pulmonar crónica; (10) apnea del sueño; (11) enfermedad articular degenerativa de la columna lumbar; (12) túnel carpiano. Debido a la insuficiencia cardíaca se le implantó un desfibrilador automático en febrero de 2012, para prevenir una muerte súbita.

3.  El señor Faustino Xavier Betancourt Colón como resultado de estas condiciones, tiene una limitación de movilidad sustancial en comparación con la persona promedio de la población general, lo que lo limita a desarrollar actividades cotidianas necesarias y vitales, por lo cual hace uso de un *Scooter*. A modo de ejemplo, la insuficiencia cardiaca causa hinchazón en sus pies, lo que resulta en una movilidad limitada debido a que caminar con los pies hinchados le provoca dolor. La insuficiencia cardiaca también resulta en una capacidad para moverse sustancialmente limitada, pues el caminar hace que se agite su respiración o causa hiperventilación. Y finalmente, la deformidad en los pies causa limitaciones sustanciales en la movilidad y mantener el equilibrio, afectando sustancialmente la

realización adecuada de sus actividades diarias y cotidianas por lo que debe utilizar un scooter para su movilización.

4.     Asimismo, el señor Faustino Betancourt es beneficiario de los privilegios otorgados por el Departamento de Salud del Gobierno de Puerto Rico. Por lo cual, se ha expedido para su beneficio un rotulo mediante el cual se identifica como persona con impedimentos.

### B. Sobre La Propiedad en Controversia y Competencia del Tribunal

5.     La propiedad en controversia es un lugar de acomodo público, conocido como Restaurante King China localizado en: Centro Comercial Ciudad Universitaria Local 8, C/846, Trujillo Alto, Puerto Rico, 00976, cuyas coordenadas son: (18.37142, -66.02583) donde **Restaurante King China Corp.**, es arrendataria y/u operador de la propiedad. (En adelante, nos referiremos a este lugar como "La propiedad" o "Restaurante King China").

### C. La Discriminación en la Propiedad al Demandante por Razón de su Discapacidad.

6.     La parte demandante visitó el Restaurante King China, el veintidós (22) de septiembre del 2022. El señor Faustino Betancourt cuenta con el registro fotográfico que corrobora su presencia en dicho día.

7.     La razón principal de la visita del Sr. Betancourt al Restaurante King China era con el objetivo de adquirir uno de sus platos favoritos: el delicioso y exquisito Chicken Pepper. El Sr. Betancourt es un apasionado de la gastronomía y le encanta probar distintos platos, pero sin lugar a dudas, el Chicken Pepper es uno de sus favoritos por su sabor y su exquisita preparación. El Restaurante King China se encuentra ubicado en las inmediaciones del hogar del Sr. Betancourt, por lo que le resultaba muy

conveniente en términos de cercanía y accesibilidad. El Sr. Betancourt valoraba mucho la calidad de los productos que consumía y sabía que en este restaurante siempre se utilizan ingredientes frescos y de primera calidad para preparar cada uno de sus platos. Así pues, el Sr. Betancourt se acercó al restaurante con gran entusiasmo y expectativa, sabiendo que allí encontraría el delicioso Chicken Pepper que tanto ansiaba. Una vez allí, fue recibido por el amable personal del establecimiento, sin embargo, no pudo disfrutar la comida debido a que encontró muchas barreras arquitectónicas en el lugar.

8.    Como resultado de su visita, el señor Faustino Betancourt tiene conocimiento de existencia de las siguientes barreras arquitectónicas en la Propiedad:

a. **Interior del Restaurante King China:**

i) Counter: El señor Faustino ha identificado una violación de la Ley ADAAG 2010 en su sección §227, 904 en el counter del Restaurante King China. La altura del counter para pagar por los productos adquiridos es de 40", lo que incumple con la medida máxima permitida por la norma de 36". Esta falta de cumplimiento impide al señor Faustino realizar la transacción adecuadamente, debido a la vista inclinada que debe realizar y la barrera que representa el mostrador para entregar el dinero al cajero. Es evidente que el mostrador de servicio no es accesible para el señor Faustino, lo que implica una violación de la Ley ADAAG 2010 en su sección §227, 904 y, por lo tanto, se debe tomar las medidas necesarias para corregir esta situación.

ii) Baños: El señor Faustino ha identificado que el baño del Restaurante King China presenta serias deficiencias en cuanto a su adecuación a la normativa aplicable en materia de accesibilidad, concretamente la Ley ADA. En primer lugar, cabe destacar que el baño en cuestión no cumple con lo dispuesto en la sección §304.3, 304.3.1 de dicha normativa, ya que no cuenta con el espacio libre requerido alrededor del inodoro y el lavamanos para permitir la maniobrabilidad y el giro de una persona en silla de ruedas. En este sentido, resulta necesario señalar que, de acuerdo con lo establecido en la normativa, las medidas mínimas que debe cumplir un baño accesible son de 60 pulgadas medido perpendicular desde la pared lateral y un mínimo de 56 pulgadas medido perpendicular a la parte ADAAG 2010 §604.3.1. Asimismo, se ha constatado que el control de descarga del inodoro se encuentra ubicado en el lado contra la pared, lo que supone un espacio muy reducido para poder jalar la palanca con comodidad. Por otro lado, es importante mencionar que el baño no cuenta con ninguna barra de agarre, ni lateral ni trasera, tal y como exige el apartado §604.5 de la ADAAG 2010. La ausencia de estas barras de apoyo limita la capacidad de las personas con discapacidad para realizar las actividades de aseo personal con la debida seguridad y autonomía. Por último, se ha constatado que el baño carece de dispensadores de papel higiénico, jabonera y espejo, elementos que son esenciales para el correcto funcionamiento de un baño accesible y que resultan imprescindibles para garantizar el confort y la dignidad de las personas con discapacidad.

9. Las barreras en el **baño del Restaurante King China** se relacionan con las condiciones y limitaciones sustanciales del señor Faustino Betancourt, debido a que, por la falta de espacio en el baño impide que el demandante pueda ingresar al mismo con su vehículo de movilización, lo que representa una limitación significativa en su capacidad de movilidad y autonomía. Además, la ausencia de barras de agarre trasera y lateral, que son elementos necesarios para garantizar la seguridad y estabilidad al utilizar el retrete, expone al demandante a superficies resbalosas que pueden afectar su integridad física. Adicionalmente, el espacio alrededor del inodoro no es suficiente para la maniobrabilidad adecuada de su Scooter, lo que representa un riesgo significativo de caídas y lesiones al intentar realizar acciones tan simples como lavarse las manos o moverse por el baño. La eliminación de estas barreras arquitectónicas resulta fundamental para garantizar la seguridad, integridad y dignidad del señor Faustino Betancourt, así como para asegurar su acceso igualitario a los servicios del baño. Por tanto, es imperativo que se tomen las medidas necesarias para remover estas barreras y garantizar la accesibilidad adecuada a los espacios públicos para todas las personas, independientemente de sus condiciones y limitaciones.

10. Las barreras presentes en el **counter del Restaurante King China** objeto de análisis, encuentran su origen en las condiciones y limitaciones sustanciales que aquejan al señor Faustino Betancourt. En específico, dichas barreras se manifiestan en la falta de adecuación de la altura de los mostradores, lo que genera una necesidad adicional por parte del usuario

de emplear mayores esfuerzos para visualizar los productos expuestos en las pantallas ubicadas en la parte superior de los mismos. Asimismo, se hace necesario destacar que el señor Betancourt debe realizar un esfuerzo adicional para levantar su brazo y concretar la transacción con el cajero. Dicha acción, no solo resulta incómoda y agotadora para el usuario, sino que además se convierte en un obstáculo que limita su derecho a acceder a los productos y servicios ofrecidos en el establecimiento. Es importante resaltar que dichas barreras no se limitan a la etapa de compra, sino que se extienden al momento de recoger los productos adquiridos en los mostradores y desplazarse hacia la mesa, lo que resulta completamente difícil para el señor Betancourt debido a sus condiciones físicas. De lo anterior se desprende que la existencia de las barreras mencionadas, vulnera los derechos del señor Betancourt como consumidor y usuario del establecimiento, así como su derecho a la igualdad y no discriminación. En consecuencia, se hace necesario adoptar medidas que permitan superar dichas barreras y garantizar un acceso pleno y sin restricciones a los productos y servicios ofrecidos en el establecimiento.

11. En virtud de la situación planteada, se hace necesario abordar la problemática relacionada con las barreras arquitectónicas existentes en el baño del Restaurante King China. En este sentido, **para solucionar la situación de manera efectiva** y acorde a las necesidades de los clientes, se sugiere como solución inicial el aumento del espacio total del baño, el cual podría llevarse a cabo mediante una reestructuración de la pared que no sea esencial para el soporte del edificio que permitan satisfacer las necesidades

especiales de los clientes. Asimismo, se considera indispensable la instalación de barras de agarre lateral y trasera, de acuerdo con la regulación correspondiente en la materia, a fin de brindar mayor seguridad y accesibilidad en el uso del baño a personas con discapacidades o movilidad reducida. En consonancia con lo anterior, se propone equipar el baño con dispensador de papel, jabonera y espejo a una altura regulada por ley, lo que garantizará una adecuada y cómoda accesibilidad a los mismos para las personas que requieran su uso. En consecuencia, se insta a los propietarios del Restaurante King China a tomar en cuenta estas recomendaciones y tomar las medidas necesarias para garantizar que el baño cumpla con las regulaciones y normas correspondientes, a fin de garantizar la accesibilidad y comodidad de los clientes y usuarios del mismo.

12.  En relación al problema identificado de las barreras existentes en el **interior del Restaurante King China**, cabe señalar que una posible solución sería la modificación o reestructuración del mostrador, a fin de reducir su altura y, por ende, garantizar el cumplimiento de las disposiciones normativas en la materia. Es importante destacar que dicha medida no solo contribuirá a cumplir con las obligaciones legales en materia de accesibilidad, sino que también permitirá mejorar la calidad de atención y servicio ofrecido a los usuarios, promoviendo de esta manera una cultura de inclusión y accesibilidad en el ámbito de los espacios públicos.

13.  Es posible que la parte demandante se vea afectada en un futuro por las barreras que existen en el Restaurante King China debido a que:

    i.  En primer lugar, se ha señalado que la parte demandante está

decidida a regresar al restaurante en un futuro próximo con el propósito de comprar productos alimenticios. De esta manera, es evidente que la presencia de barreras arquitectónicas en el Restaurante King China podría impedir el acceso de la parte demandante a los productos que desea adquirir, lo cual podría generar una situación de discriminación y vulnerar sus derechos como consumidor.

ii. En segundo lugar, se ha indicado que la parte demandante se mueve con frecuencia por el área en cuestión, y que desea parar a desayunar en el Restaurante King China, que le queda de camino. En este sentido, la existencia de barreras arquitectónicas en la propiedad podría impedir el acceso de la parte demandante a los servicios de restaurante, lo cual podría generar una situación de exclusión y discriminación por razones de discapacidad o movilidad reducida.

14. Por todo lo anterior, resulta evidente que la existencia de barreras arquitectónicas en el Restaurante King China en cuestión podría generar un perjuicio futuro para la parte demandante, afectando sus derechos como consumidor y usuario de los servicios que ofrece dicha propiedad. Por ello, se hace necesario tomar medidas adecuadas y efectivas para eliminar dichas barreras y garantizar la accesibilidad y la igualdad de oportunidades para todas las personas, en cumplimiento de las obligaciones legales en la materia.

15. La parte demandante tiene interés en regresar a la Propiedad como *tester* de derechos civiles, es decir, como una persona que se encarga de evaluar si

sus derechos civiles están siendo respetados y protegidos. En el contexto de la ADA, un *tester* de derechos civiles es alguien que investiga y evalúa si las personas con discapacidades están recibiendo el mismo acceso y trato justo que las personas sin discapacidades. El papel del *tester* de derechos civiles es crucial en el contexto de la ADA, ya que esta ley fue diseñada para proteger los derechos de las personas con discapacidades y garantizar que tengan acceso a los mismos servicios y oportunidades que las personas sin discapacidades. Sin embargo, a pesar de que la ADA se promulgó en 1990, las personas con discapacidades aún enfrentan barreras y discriminación en su vida diaria. Históricamente, los *testers* de derechos civiles han jugado un papel importante en la lucha por la igualdad de derechos y la eliminación de la discriminación en los Estados Unidos. En la década de 1960, los *testers* de derechos civiles fueron utilizados por los líderes del movimiento por los derechos civiles para evaluar si los negocios y las instituciones estaban cumpliendo con las leyes de derechos civiles. Estos *testers* ayudaron a exponer la discriminación y a presionar a las empresas e instituciones para que cumplieran con la ley. Su trabajo es importante porque ayuda a garantizar que las personas con discapacidades tengan acceso a los mismos servicios y oportunidades que las personas sin discapacidades, y ayuda a exponer y eliminar la discriminación. Langer v. Kiser, No. 21-55183 (9th Cir. Jan. 23, 2023) ("Being an ADA tester is, in fact, a legitimate reason to go to a business and the district court's insinuation otherwise is legally flawed").

16.    El señor Faustino Betancourt ha sufrido un daño dignatario, que es un tipo

de daño en casos de discriminación, según expresado en el caso vinculante[2] Laufer v. Acheson Hotels, LLC, 50 F.4th 259 (1st Cir. 2022) ("Dignitary harm or stigmatic injuries caused by discrimination have long been held a concrete injury in fact") Estos daños buscan compensar la pérdida de dignidad y autoestima que una persona puede experimentar como resultado de la discriminación. En otras palabras, los daños dignatarios reconocen que la discriminación no sólo puede causar daños físicos o económicos, sino que también puede afectar profundamente la autoimagen y la autoestima de la persona discriminada. Esto puede incluir sentimientos de vergüenza, humillación y menosprecio. La ADA permite que las personas que han sido discriminadas por motivos de discapacidad busquen una compensación por daños dignatarios.  La parte demandante informa que reclama daños dignatarios de las siguientes dos maneras independientes: (1) mediante el reconocimiento judicial de que hubo un daño dignatario a la parte demandante; (2) mediante la imposición de la cantidad de un dólar como daño dignatario. No se solicitan daños compensatorios.

17.   Por no conocerse el historial de construcción y alteración de la propiedad en este momento, se alega: la propiedad fue construida y/o alterada luego del 15 de marzo de 2012; en la alternativa, la Propiedad fue construida o alterada luego del 26 de enero de 1993; en la alternativa, la propiedad fue construida previo al 26 de enero de 1993, pero la parte demandada cuenta con los recursos económicos para que la propiedad cumpla con los códigos de construcción más vigentes; en la alternativa, aunque la Propiedad fue

---

[2] Vinculante en cuanto a derecho federal únicamente.

alterada con el objetivo de cumplir con los lineamientos de la ADA y ADAAG, no son suficientes para hacer de las instalaciones totalmente accesibles.

### III.   REMEDIOS LEGALES SOLICITADOS

**POR TODO LO CUAL**, la parte demandante muy respetuosamente solicita los siguientes remedios legales:

A. Un interdicto permanente de conformidad con 42 USC § 12188 (a) (2) y 28 CFR § 36.504 (a) que ordene a la parte demandada eliminar las barreras arquitectónicas que existen en la Propiedad mediante el cumplimiento con las guías de diseño accesible que le aplicables según su fecha de construcción y alteración. Si se trata de una propiedad que existía al 26 de enero de 1993, que la propiedad se altere para que este en cumplimiento con las más recientes guías de diseño accesible promulgadas en virtud de la ADA en la medida máxima que sea económicamente viable para el demandado, ya sea inmediatamente o mediante un plan de transición a largo plazo hacia el total cumplimiento. Si la creación de un plan de transición al cumplimiento no es económicamente viable, o si los cambios que son necesarios no son estructuralmente posibles, se solicita que se ordene que el acceso a los bienes y servicios se haga disponible mediante métodos alternos conforme a 42 U.S.C. § 12182(b)(2)(A)(v).

B. Un interdicto permanente de conformidad con 42 USC § 12188 (a) (2) y 28 CFR § 36.504 (a) que ordene a la parte demandada a que elimine las políticas y prácticas discriminatorias existentes en la actualidad que impiden la eliminación de las barreras arquitectónicas y/o políticas y

prácticas que impiden que se brinden los acomodos razonables que sean necesarios para que haya un trato igualitario.

C. En caso de que la parte demandada continúe su condición discriminatoria, se solicita de conformidad con 42 USC § 12188 (a) (2) y 28 CFR § 36.504, que se ordene el cierre y clausura de la Propiedad como medida cautelar para detener la condición discriminatoria hasta tanto se haya acreditado de manera fehaciente y a satisfacción del tribunal que se ha eliminado el discrimen.

D. Daños dignatarios por la cantidad de un dólar o mediante un pronunciamiento judicial que declare que la dignidad de parte demandante fue agraviada.

E. Honorarios de abogado, costas y gastos de litigio, de la parte demandante prevalecer en sus reclamos.

F. La provisión de cualquier otro remedio que sea justo y propio, en ley o equidad, y que no haya sido expresamente solicitado pero que proceda como cuestión de derecho y conforme a la Regla 42.4 de las Reglas de Procedimiento Civil de Puerto Rico.

**SOMETIDO RESPETUOSAMENTE.**

Fechado: 18 de abril de 2023.

VELEZ LAW GROUP LLC
División de Derechos Civiles

f/José Carlos Vélez Colón
Lic. José C. Vélez Colón
RUA 18913

1969 S. Alafaya Trail #379
Orlando, FL 32828-8732

Email.:        vlg@velezlawgroup.com
Teléfono:     (787)-422-1881
              (787)-422-1958

**ABOGADO DE LA PARTE DEMANDANTE**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE CAROLINA**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** | **CIVIL NÚM.:** |
| Parte Demandante | |
| v. | |
| **RESTAURANTE KING CHINA CORP.** | **SOBRE:** **PETICIÓN DE ORDEN** |
| Parte Demandada | |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS.
EL PRESIDENTE DE LOS ESTADOS UNIDOS.
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO.

A:

**Restaurante King China Corp.**

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los 30 días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del Tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el Tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el Tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

Nombre del Abogado:     JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913)
Dirección:                       1969 S. Alafaya Trail #379 Orlando, FL 32828-8732
                                       Tel: (787)-422-1881 - (787)-422-1958
Correo Electrónico:       VLG@VELEZLAWGROUP.COM

Expedido bajo mi firma y sello del Tribunal, el _____ de _____ de _____ .

_____
Nombre del (de la)
Secretario(a) Regional

Por: _____
Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

## PRUEBA DEL DILIGENCIAMIENTO

NUM.: DE CASO:

Caso:  Faustino Xavier Betancourt Colón v. Restaurante King China Corp.

Yo, _____ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO** y **PETICION** (en adelante, "**DEMANDA**") en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1. **FECHA**       y       hora       del       diligenciamiento:

   _____.

2. **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:

3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**

5. **FIRMA DEL DILIGENCIANTE:** _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DECLARACION DEL DILIGENCIANTE
### (ANTE LA SECRETARIA DEL TRIBUNAL)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE,** suscribo la presente en _____, Puerto

Rico, hoy día _____ de_____ del año 2023.

_____
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _____ de las circunstancias personales arriba mencionadas, a quien, por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_____

En _____, Puerto Rico hoy _____ de _____ de 2023.

_____

FUNCIONARIO AUTORIZADO

ESTADO LIBRE ASOCIADO DE PUERTO
RICO TRIBUNAL DE PRIMERA INSTANCIA
**SALA DE CAROLINA**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLON**<br>**DEMANDANTE**<br><br>V.<br><br>**RESTAURANTE KING CHINA CORP**<br>**DEMANDADO** | **Civil Núm.: TJ2023CV00166**<br><br>**SALA: 409**<br><br>**SOBRE:** INJUNCTION |

### ORDEN DE CITACIÓN

Vista la **DEMANDA E INJUNCTION** presentada por la parte demandante, el Tribunal emite una orden de citación para la celebración de una vista para dilucidar la procedencia del recurso extraordinario el **26 de abril de 023 a las 1:30 p.m.**, **mediante videoconferencia**.

A la referida vista los abogados y las partes deberán comparecer preparados para lo siguiente:

1. Exponer en forma concisa y narrativa los hechos pertinentes en que descansa su razón de pedir, negar o intervenir. Todos los participantes aunarán esfuerzos para identificar los hechos medulares a la controversia.
2. Formalizar estipulaciones de hechos, anunciar la prueba testifical y documental a ofrecerse y examinar la posibilidad de acuerdo. A tal efecto, cada abogado deberá tener autorización de su representado o en su defecto éste deberá asistir ese día o estar disponible a comunicación telefónica con su abogado desde el tribunal.
3. Discutir su teoría legal.
4. Estar preparados para la celebración de una vista argumentativa para dilucidar, entre otras cosas, la procedencia de los solicitado por la parte demandante.

La parte demandante deberá diligenciar la orden de citación a la parte demandada de epígrafe con copia de la demanda, en o antes del **21 de abril de 2023.**

Las partes deberán incluir en sus mociones un número de teléfono y **su correo electrónico.**

Se apercibe a la parte demandada **RESTAURANTE KING CHINA CORP.;** de no comparecer a la conferencia señalada, el tribunal procederá a celebrar la

vista, sin más citarle ni oírle, pudiendo dictar el remedio solicitado, si este procediere conforme a derecho.

También se le apercibe a comparecer a hacer alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC). De no hacerlo dentro de los términos establecidos por ley, se podrá anotar la rebeldía y se dictará Sentencia concediendo el remedio solicitado.

**Notifíquese.**

En Carolina, Puerto Rico, a 19 de abril de 2023.

**F/ Lizardo W. Mattei Román**
**JUEZ SUPERIOR**

## DILIGENCIAMIENTO

Yo, _____, mayor

de edad, _____, empleado(a) y vecino(a) de

_____, Puerto Rico, bajo juramento DECLARO:

Que mi nombre y circunstancias personales son las antes dichas, sé leer

y escribir y no soy abogado(a) en este asunto, ni parte en el pleito, ni pariente

de éstos, y no tengo interés en este pleito.

Que recibí la Orden al dorso el _____ de _____ de

2015 notificándola personalmente a _____

_____ el

_____ de _____ de 2023 a las _____ a.m. / p.m. en

_____, Puerto Rico.

_____
**DILIGENCIANTE**

Jurado y suscrito ante mí, por _____

_____ de las circunstancias

personales antes mencionadas, a quien doy fe de _____

_____.
<span style="font-size:smaller">(conocimiento personal o, en su defecto, la acreditación del medio supletorio provisto por la Ley Notarial)</span>

En _____, Puerto Rico, a

_____ de _____ de 2023.

_____
SECRETARIA

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE CAROLINA

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT COLÓN<br><br>Parte Demandante<br><br>v.<br><br>RESTAURANTE KING CHINA CORP.<br><br>Parte Demandada | CIVIL NÚM.:<br>TJ2023CV00166<br><br><br><br><br>SOBRE:<br>PETICIÓN DE ORDEN |

## MOCIÓN EN SOLICITUD DE ORDEN

**AL HONORABLE TRIBUNAL:**

**COMPARECE** la parte demandante, Faustino Xavier Betancourt Colón, a través de la representación legal que suscribe, y respetuosamente **EXPONE** y **SOLICITA:**

1. El día 18 de abril de 2023, se presentó Demanda[1] solicitando un interdicto permanente de conformidad con 42 USC § 12188 (a) (2) y 28 CFR § 36.504 (a).

2. El día 20 de abril de 2023, se emitió orden2 por parte de este Honorable Tribunal en la que indicó que, debido a la naturaleza extraordinaria de la solicitud, se señalaba vista de Injuction para el 26 de abril a la 01:30pm mediante Videoconferencia.

3 Por lo tanto, mediante este escrito respetuosamente se le aclara al Honorable Tribunal que lo presentado en la Demanda no es una solicitud extraordinaria de Injuction, sino que es una solicitud de interdicto permanente (no preliminar por violaciones al título III de la ADA, el cual se tramita mediante procedimiento ordinario, por lo que consideramos que el señalamiento de vista Injuction se trata de un error involuntario, por tanto, respetuosamente se invita al Tribunal a considerar dejar si efecto la vista por iniciativa propia, especialmente porque recientemente se

---

[1] Entrada SUMAC, Núm. 01
[2] Entrada SUMAC, Núm 02.

expidió el emplazamiento, y la parte demandante se encuentra en término para diligenciarlo, por lo que en este momento no ha comparecido la parte demandada al proceso.

POR TODO LO CUAL respetuosamente se solicita a este Honorable Tribunal que tome conocimiento de lo anteriormente informado y que tome las acciones, por iniciativa propia, que en derecho correspondan.

**SOMETIDO RESPETUOSAMENTE.**

Fechado: 20 de abril de 2023.

VELEZ LAW GROUP LLC
División de Derechos Civiles

f/José Carlos Vélez Colón
Lic. José C. Vélez Colón
RUA 18913

1969 S. Alafaya Trail #379
Orlando, FL 32828-8732

Email.:        vlg@velezlawgroup.com
Teléfono:      (787)-422-1881
               (787)-422-1958

ABOGADO DE LA PARTE DEMANDANTE

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL GENERAL DE JUSTICIA**
**TRIBUNAL DE PRIMERA INSTANCIA**
**CENTRO JUDICIAL DE Carolina**
SALA SUPERIOR DE Carolina

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT COLON | CASO NÚM.   TJ2023CV00166 (CIVIL 409) |
| VS | |
| RESTAURANTE KING CHINA CORP | SOBRE: INJUNCTION (ENTREDICHO PROVISIONAL, INJUNCTION PRELIMINAR Y PERMANENTE) Y OTROS |

## NOTIFICACIÓN

A:   JOSÉ CARLOS VÉLEZ COLÓN
VLG@VELEZLAWGROUP.COM

El (La) Secretario(a) que suscribe certifica y notifica a usted que con relación al(a la) SOLICITUD PARA QUE SE DICTE ORDEN [5] este Tribunal emitió una ORDEN el 24 de abril de 2023.

Se transcribe la determinación a continuación:
SE TRAMITARÁ EL CASO POR LA VÍA ORDINARIA. SE DEJA SIN EFECTO LA VISTA DE 26 DE ABRIL DE 2023 POR SOLICITUD DE LA PARTE DEMANDANTE. [6]

f/LIZARDO W. MATTEI ROMAN

SE LE ADVIERTE que al ser una parte o su representante legal en el caso sujeto a esta ORDEN, usted puede presentar un recurso de apelación, revisión o certiorari de conformidad con el procedimiento y en el término establecido por ley, regla o reglamento.

CERTIFICO que la determinación emitida por el Tribunal fue debidamente registrada y archivada hoy 25 de abril de 2023, y que se envió copia de esta notificación a las personas antes indicadas, a sus direcciones registradas en el caso conforme a la normativa aplicable. En esta misma fecha fue archivada en autos copia de esta notificación.

En  Carolina, Puerto Rico, a 25 de abril de 2023.

| MARILYN APONTE RODRÍGUEZ | Por: f/MARICRUZ APONTE ALICEA |
|---|---|
| Nombre del (de la) Secretario(a) Regional | Nombre y Firma del (de la) Secretario(a) Auxiliar del Tribunal |

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL PRIMERA INSTANCIA
SALA SUPERIOR CAROLINA

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN**<br>Parte Demandante | **CIVIL NÚM: TJ2023CV00166** |
| **VS.** | |
| **RESTAURANTE KING CHINA CORP.**<br>Parte Demandada | **SOBRE: PETICIÓN DE ORDEN** |

**MOCIÓN INFORMATIVA ACREDITANDO DILIGENCIAMIENTO DEL EMPLAZAMIENTO**

**AL HONORABLE TRIBUNAL:**

Comparece la Parte Demandante, Faustino Xavier Betancourt Colón, a través de la representación legal que suscribe, y muy respetuosamente somete a prueba el diligenciamiento del emplazamiento en cuanto a:

1. RESTAURANTE KING CHINA CORP., diligenciado el 09 de mayo de 2023 (**Véase Anejo A**)

**CERTIFICO** haber presentado este escrito a través de la plataforma SUMAC, que a su vez notificará a todos los abogados de récord.

**SOMETIDO RESPETUOSAMENTE.**

Hoy, 01 de junio de 2023

**Vélez Law Group LLC**
División Derechos Civiles

f/José Carlos Vélez Colón
Lic. José C. Vélez Colón
RUA 18913
1969 S. Alafaya Trail #379
Orlando, FL 32828-8732
vlg@velezlawgroup.com
Teléfono: (787)-254-8267

**Abogado      de      la      parte Recurrente**

TJ2023CV00166 01/06/2023 10:30:51 am Entrada Núm. 7 Página 1 de 2

TJ2023CV00166 18/04/2023 08:29:49 pm Entrada Núm. 1 Página 1 de 3

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE CAROLINA

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT COLÓN<br><br>Parte Demandante<br><br>v.<br><br>RESTAURANTE KING CHINA CORP.<br><br>Parte Demandada | CIVIL NÚM.:<br>TJ2023CV00166<br><br><br>SOBRE:<br>PETICIÓN DE ORDEN |

EMPLAZAMIENTO

ESTADOS UNIDOS DE AMERICA, SS.
EL PRESIDENTE DE LOS ESTADOS UNIDOS.
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO.

A:

Restaurante King China Corp.

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los 30 días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaría del Tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el Tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el Tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

Nombre del Abogado:   JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913)
Dirección:   1969 S. Alafaya Trail #379 Orlando, FL 32828-8732
Tel: (787)-422-1881 - (787)-422-1958
Correo Electrónico:   VLG@VELEZLAWGROUP.COM

Expedido bajo mi firma y sello del Tribunal, el _____ de APR 2 0 2023 de _____ .

Lcda. Marilyn Aponte Rodríguez
Secretario(a) del (de la)
Secretario(a) Regional

Por:   Maricruz Aponte Alicea
Secretaria Auxiliar
Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

F001

TJ2023CV00166 01/06/2023 10:30:51 am Entrada Núm. 7 Página 2 de 2

TJ2023CV00166 18/04/2023 08:29:49 pm Entrada Núm. 1 Página 2 de

**Sello**

PRUEBA DEL DILIGENCIAMIENTO

NUM.: DE CASO:

Caso: Faustino Xavier Betancourt Colón v. Restaurante King China Corp.

Yo, _Manuel Ropolet_ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del EMPLAZAMIENTO y PETICION (en adelante, "DEMANDA") en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

_A. Restaurante B King China, Corp._

1. **FECHA** y **hora** del diligenciamiento:
   _9 de mayo de 2023_ _a las 7 2:10 pm_

2. **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:
   _Centro Comercial Ciudad Universitaria, Trujillo Alto, PR_

3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.
   _P/C Cindy Feng - Gerente_

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**

5. **FIRMA DEL DILIGENCIANTE:**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**DECLARACION DEL DILIGENCIANTE**
**(ANTE LA SECRETARIA DEL TRIBUNAL)**

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

Y PARA QUE ASÍ CONSTE, suscribo la presente en _Santurce_, Puerto Rico, hoy día _31_ de _mayo_ del año 2023.

FIRMA DEL EMPLAZADOR

Jurado y suscrito ante mí por _Manuel A. Repollet Melendez_ de las circunstancias personales arriba mencionadas, a quien, por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_Lic. 4259294_

En _Santurce_, Puerto Rico, hoy _31_ de _mayo_ de 2023.

Griselda Rodríguez Collado
Secretaria Regional

Liz M. López Figueroa
Secretaria Auxiliar

3 1 MAY 2023